# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ANNE HERNDON, on behalf of the UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, a Delaware corporation,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 05CV2269-BEN (RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. No. 15]** |

Plaintiff Mary Anne Herndon ("Herndon") has filed a Complaint under the False Claims Act, 31 U.S.C. § 3729 ("FCA"or "False Claims Act").[1]  She alleges that Defendant Science Applications International Corporation ("SAIC") committed fraud against the United States government by falsely representing in contract negotiations and billing certifications that SAIC is complying with age discrimination laws.  SAIC now moves to dismiss, arguing that the Complaint

---

[1] Section 3729 provides:
Any person who--
knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval . . . is liable to the United States Government . . . .

"Under 31 U.S.C. § 3730, a 'qui tam plaintiff,' also known as a 'relator,' may bring a civil action for a violation of the FCA for herself and for the United States government, in the name of the government." United States v. Johnson Controls, Inc., 457 F.3d 1009, 1012 (9th Cir. 2006) (citation omitted).

1  fails to meet the pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure,
2  and that it otherwise fails to state a claim.  SAIC's Motion is **GRANTED**.  Herndon's Complaint
3  fails to meet the pleading requirements under Rule 9(b).  Accordingly, Herndon's Complaint is
4  **DISMISSED**, with leave to amend on or before **November 27, 2006.**  In light of the dismissal for
5  failure to meet Rule 9(b)'s pleading requirements, the Court need not, and does not, address
6  whether Herndon's allegations state a claim under the FCA.

## FACTS

8  The facts are taken from Herndon's Complaint.  See Schneider v. California Dept. of
9  Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998) ("The focus of any Rule 12(b)(6) dismissal . . . is
10  the complaint.").  Only relevant facts are stated.  The Court makes no factual determinations.  At
11  this stage, the Court is "required to presume all factual allegations of the [C]omplaint to be true
12  and draw all reasonable inferences in favor of" Herndon.  United States v. LSL Biotechnologies,
13  379 F.3d 672, 698 (9th Cir. 2004).

14  Herndon is 61 years old.  She started working for SAIC in September 1979.  Herndon has a
15  Ph.D. in Computer Science, and has extensive knowledge in the government contracting industry.
16  Herndon also has top level security clearance and full access to all of SAIC's Intelligence Group's
17  files.  In summer 2004, Herndon was promoted to Vice President-Quality in charge of process
18  improvement for SAIC's Intelligence Group.

19  In March 2005, SAIC enacted in the Intelligence Group a "Succession Planning Policy",
20  the purpose and effect of which was to discriminate against high level employees over 55 years
21  old.  In accordance with the alleged discriminatory policy, SAIC took the following actions against
22  Herndon: did not invite her to meetings; did not approve the Process Improvement Plan that
23  Herndon prepared for the Intelligence Group; advised Herndon that her position had been
24  eliminated and that she should look for a "replacement" job at SAIC; excluded Herndon from
25  Engineering Edge Alliance meetings/project; did not allow Herndon to participate in spring 2005
26  Process Research Consortium; ignored Herndon's repeated requests to fix or replace her computer;
27  ignored Herndon's complaints of discrimination; and in September 2005, terminated Herndon's
28  employment.

1    Herndon presents a single claim in her Complaint, which is under the False Claims Act.  In
2 support of that claim, Herndon alleges that since March 2005, "SAIC , expressly, impliedly, and
3 by inference, represented to the U.S., in contracts, in billings, in certification, in progress reports,
4 and in the negotiation of contracts, that it did not and does not discriminate based on age and that
5 it complies with non-discrimination laws including the non-age discrimination laws."  Herndon
6 then alleges that while she "will identify the specific dates, times and other details of each
7 representation after she has received such information from SAIC and the U.S. in discovery,"
8 SAIC represented that it does not engage in age discrimination "in each and every request for
9 payment, billing, contract, contract negotiation, certification and process report SAIC made to the
10 U.S. after March 3, 2005 . . . ."

## DISCUSSION

12    "Complaints brought under the FCA must fulfill the requirements of Rule 9(b)."  United
13 States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1051 (9th Cir. 2001).  Rule 9(b)
14 provides that "in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated
15 with particularity."  Failure to comply with Rule 9(b) requirements is grounds for dismissal.  See
16 Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).

17    "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants
18 notice of the particular misconduct which is alleged to constitute the fraud charged so that they can
19 defend against the charge and not just deny that they have done anything wrong."  Bly-Magee v.
20 California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).  "Mere
21 conclusory allegations of fraud are insufficient."  Moore v. Kayport Package Express, 885 F.2d
22 531, 540 (9th Cir. 1989).  The plaintiff must, at a minimum, set forth the who, time, place, and
23 specific content of each alleged act of fraud.  See Vess, 317 F.3d at 1106; see also Schreiber
24 Distrib. Co. v. Serv-Well Furniture, Inc., 806 F.2d 1393, 1401 (9th Cir. 1986) (To comply with
25 Rule 9(b), a plaintiff alleging fraud "must state the time, place, and specific content of the false
26 representations as well as the identities of the parties to the misrepresentation").

27    "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct
28 against which they must defend, but also to deter the filing of complaints as a pretext for the

1  discovery of unknown wrongs, to protect defendants from the harm that comes from being subject
2  to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties
3  and society enormous social and economic costs absent some factual basis." Bly-Magee, 236 F.3d
4  at 1018 (citations and internal quotations and alterations omitted).  The Ninth Circuit has also
5  "observed that *qui tam* suits are meant to encourage insiders privy to a fraud on the government to
6  blow the whistle on the crime.  Because insiders privy to a fraud on the government should have
7  adequate knowledge of the wrongdoing at issue, such insiders should be able to comply with Rule
8  9(b)." Id. at 1019 (citations and internal quotations and alterations omitted).

9  Against this backdrop, Herndon's Complaint fails to meet the heightened pleading
10 requirements under Rule 9(b).  In support of her claim that SAIC committed fraud against the
11 government, Herndon alleges that since March 2005, "SAIC , expressly, impliedly, and by
12 inference, represented to the U.S., in contracts, in billings, in certification, in progress reports, and
13 in the negotiation of contracts, that it did not and does not discriminate based on age and that it
14 complies with non-discrimination laws including the non-age discrimination laws."  This broad
15 claim has no factual support.  Herndon does not allege the specific nature of the fraudulent
16 representations.  She does not identify the types or contents of the contracts, billings or
17 certifications implicated in the alleged fraud, or identify the SAIC employees who executed or
18 negotiated the contracts, billings or certifications.  The actual dates, times, and places the
19 contracts, certifications or billings were executed are also missing. See Schreiber Distrib. Co. v.
20 Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986) ("[T]he pleader must state the time,
21 place, and specific content of the false representations as well as the identities of the parties to the
22 misrepresentation."); SmithKline Beecham, 245 F.3d at 1051 (holding that broad allegation that
23 the defendant "knowingly . . . changed control numbers [on various tests] to wrongfully represent
24 that the laboratory results fell within an acceptable standard of error," where the plaintiff did not
25 specify the "types of tests implicated in the alleged fraud, identify the [defendant's] employees
26 who performed the tests, or provide any dates, times, or places the tests were conducted," did not
27 satisfy Rule 9(b)).  When, as here, fraud is alleged against a company "the absence of specification
28 of any times, dates, places or other details of that alleged fraudulent involvement is contrary to the

1  fundamental purposes of Rule 9(b)." <u>Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir. 1985).

2       Herndon's generalized allegations prevent SAIC from being able to defend against the
3  alleged misconduct. Without notice of the circumstances upon which Herndon bases her claim for
4  fraud, SAIC is restricted in its Answer to setting forth general denials of wrongdoing. <u>See</u>
5  <u>Semegen v. Weidner</u>, 780 F.2d 727, 730 (9th Cir. 1985) (Rule 9(b) is intended to "ensure[ ] that
6  allegations of fraud are specific enough to give defendants notice of the particular misconduct
7  which is alleged to constitute the fraud charged so that they can defend against the charge and not
8  just deny that they have done anything wrong" ).

9       Herndon appears to seek a more lenient application of the Rule 9(b)'s pleading
10 requirements. For example, in her Complaint, Herndon alleges that she "will identify the specific
11 dates, times and other details of each representation after she has received such information from
12 SAIC and the U.S. in discovery . . . ." "Rule 9(b) may be relaxed to permit discovery in a limited
13 class of corporate fraud cases where the evidence of fraud is within a defendant's exclusive
14 possession." <u>SmithKline Beecham, Inc.</u>, 245 F.3d at 1052 (citation omitted). However, given that
15 Herndon was a Vice President at SAIC, had "top level security clearance and full access to all of
16 SAIC's [relevant] files, had worked there for over 25 years, and was working there at the time of
17 the alleged fraud, she "cannot fairly allege that [SAIC] has sole possession of the facts evidencing
18 an FCA violation." <u>Id.</u>; <u>see also</u> <u>Williams v. WMX Technologies, Inc.</u>, 112 F.3d 175, 178 (5th
19 Cir. 1997) (in fraud cases, "the who, what, when, where must be laid out *before* access to the
20 discovery process is granted." (emphasis in original)).

21                 **CONCLUSION**

22     "Because a dismissal of a complaint or claim grounded in fraud for failure to comply with
23 Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two
24 rules are treated in the same manner." <u>Vess</u>, 317 F.3d at 1107(citations omitted). "As with Rule
25 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without
26 prejudice." <u>Id.</u> at 1108 (citations omitted). Similarly, "leave to amend should be granted unless
27 the district court 'determines that the pleading could not possibly be cured by the allegation of
28 other facts.'" <u>United States ex rel. Lee v. SmithKline Beecham, Inc.</u>, 245 F.3d 1048, 1052 (9th

1 Cir. 2001) (quoting <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir.2000)).  "This approach is required by Federal Rule of Civil Procedure 15(a) which provides that leave to amend should be freely granted 'when justice so requires.'"  <u>United States ex rel. Lee v. SmithKline Beecham, Inc.</u>, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

Accordingly, for reasons discussed above, Herndon's Complaint is **DISMISSED** for failure to comply with Rule 9(b), with leave to amend on or before **November 27, 2006.**

**SO ORDERED**.

DATED:  October 31, 2006

_____
Hon. Roger T. Benitez
United States District Judge